### HILL et al. v. SIBLEY MEMORIAL HOSPITAL.

### C. A. No. 4064.

United States District Court
District of Columbia.

Nov. 21, 1952.

---

Stanley B. Frosh, Washington, D. C., for plaintiffs.

Richard W. Galiher, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Defendant moves to dismiss count two of the complaint. Under count one plaintiff William Hill seeks to recover for loss of consortium and services due to alleged injuries to plaintiff's wife because of defendant's negligence; under count two plaintiff Sally Hill by her stepfather and next friend, William Hill, seeks to recover damages by reason of the deprivation of comfort, aid, kindness and assistance of her mother due to the alleged negligence of defendant. Thus there is squarely presented to this Court the issue whether a child may recover damages for loss of affection, aid and comfort of a parent due to the negligence of another. This precise point has not been decided in

the affirmative in this jurisdiction and apparently in no other jurisdiction. The Court of Appeals in the District of Columbia has permitted a wife to bring suit for loss of consortium, Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366. In the Hitaffer case the Court of Appeals refused to follow the contrary holdings of practically every Court in the nation. Despite the holding of our Court of Appeals in extending the doctrine of the right to recover for loss of consortium to a wife, it has refused to go so far as to permit a child to recover for alienation of affections of its parent, Edler v. MacAlpine-Downie, 1950, 86 U.S. App.D.C. 97, 180 F.2d 385; McMillan v. Taylor, 1946, 81 U.S.App.D.C. 322, 160 F.2d 221. In the Edler case counsel for appellant asked the Court to re-examine the holding in the prior McMillan case indicating that our Court of Appeals should have followed Daily v. Parker, 7 Cir., 1945, 152 F.2d 174, 162 A.L.R. 819, which is a contrary holding, but our Court of Appeals stated that the McMillan case was its considered opinion and refused to follow the doctrine of Daily v. Parker, supra.

This Court recognizes the fact that there is a difference between an action brought for damages for alienation of affections and one for damages because of the negligence of another. Nevertheless, the holding of our Court of Appeals in the Elder and McMillan cases would seem to indicate that our Court is not willing to extend the right of recovery of damages for loss of affection, aid and companionship to a child.

No authority has been submitted directly supporting plaintiff's position. Defendant asserts in his points and authorities that it is aware of no rule of law which permits a child to recover for injuries received by its mother under circumstances such as these. But novelty is not sufficient to prevent recovery. It is well established that the mere absence of precedent does not prove that an action cannot be maintained. Daily v. Parker, supra; Morrow v. Yannantuono, 152 Misc. 134, 273 N. Y.S. 912. Nor does the Court feel that it

is always necessary for it to wait for legislative sanction before entertaining an action for which there is no judicial sanction. The common law should continually be reappraised and reinterpreted to meet changing circumstances. This Court confesses that it has been difficult for it on the basis of natural justice to reach the conclusion that this type of an action will not lie. When a child loses the love and companionship of a parent, it is deprived of something that is indeed valuable and precious. Courts should ever be alert to widen the circle of justice to conform to the changing needs and conditions of society. At the same time a lower Court should be cautious in laying down a completely new rule in the light of prior holdings of our Court of Appeals indicating hesitancy to extend the right of recovery of damages for such loss to a child. If there is to be any change in that doctrine this Court does not feel that it should be the one to initiate it.