Allen Robert TURNER and Sherry Jean Patricia Turner, Minors, suing by their mother and next friend, Mrs. Frances H. Turner

v.

ATLANTIC COAST LINE RAILROAD COMPANY.

Civ. A. 6222

United States District Court
N. D. Georgia,
Atlanta Division.
Jan. 2, 1958.

---

James A. Bagwell, Atlanta, Ga., for plaintiff.

Alston, Sibley, Miller, Spann & Shackelford, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

This is a motion by the defendant under Rule 12(b) (6), 28 U.S.C.A., to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. The question raised by the motion is whether minor children, suing through their next friend, have a cause of action against the defendant for a negligent injury to their father who is presently in life. The accident for which suit has been brought occurred in South Carolina but no decision or statute of the State of South Carolina directly in point has been cited and apparently there is none. Authority in other jurisdictions is unanimous that no such cause of action exists. Meredith v. Scruggs, 9 Cir., 1957, 244 F.2d 604; Halberg v. Young, 1957, 41 Haw. 634; Gibson v. Johnston. Ohio App.1956, 144 N.E.2d 310; Jeune v. Del E. Webb Construction Co., 1954, 77 Ariz. 226, 269 P.2d 723; Hill v. Sibley Memorial Hospital, D.C. D.C.1952, 108 F.Supp. 739; Eschenbach v. Benjamin, 1935, 195 Minn. 378, 263 N.W. 154. See also Blackstone's Commentaries, Book III, Chapter 8, 15th Edition (1809), p. 143; Cooley on Torts, 4th Edition (1932), vol. 2, p. 41; Code of Laws of South Carolina 1952, Section 10–1961; Sisk v. Pressley, D.C. E.D.S.C.1948, 81 F.Supp. 16; Pinson v. Southern Railway, 1910, 85 S.C. 355, 67 S.E. 464.

Plaintiff cites the case of Daily v. Parker, 7 Cir., 1945, 152 F.2d 174, 162 A.L.R. 819, as authority for maintaining the cause of action. In that case children were allowed to sue a third person for enticing their father away, alienating his affections, and thereby depriving the children of their father's support, care, and maintenance. There is a sharp division of authority even on this question, but certainly this class of cases is no authority for allowing the child to bring an action for damages against one who, as a result of ordinary negligence, causes personal injury to the father.

The following cases, relied on by the plaintiff, are not in point in the instant case: Brown v. Georgia-Tennessee Coaches, Inc., 1953, 88 Ga.App. 519, 77 S.E.2d 24; Woods v. Lancet, 1951, 303 N.Y. 349, 102 N.E.2d 691, 27 A.L.R.2d 1250; Best v. Samuel Fox & Co., 1951, 2 K.B. 639, 2 All Eng.Rep. 116.

Defendant's motion to dismiss for failure to state a claim is hereby granted.