[No. 34629. Department Two. October 30, 1958.]

RANDY LEE ERHARDT et al., Minors, by Their Guardian ad Litem, PETE V. ERHARDT, Appellants, v. HAVENS, INC., Respondent.[1]

*Keogan & Kinnie (LeRoy C. Kinnie, of counsel)*, for appellants.

*MacGillivray, Jones, Clark & Jones*, for respondent.

FOSTER, J.—The infant appellants, plaintiffs below, by their father as guardian, sued the respondent hospital for their own loss in consequence of the alleged negligent injury to their mother. A demurrer to the complaint was sustained and thereafter a final judgment dismissing the action was entered, from which this appeal is taken.

The gist of the complaint is that the appellant minor children were damaged by the negligent injury of their mother. It is alleged that the mother was a paying patient in the respondent hospital, that as a result of the hospital's negli-

[1]Reported in 330 P. (2d) 1010.

gence the mother is permanently paralyzed so that all of her wants must be supplied through the efforts of others, and that she has lost all of her mental powers so that she is unable to recognize her children. It is further alleged that there is no hope of recovery and that, consequently, the children are damaged to the same extent as if their mother were dead.

Respondent hospital contends that in an action by the mother for her own injury, the damages here claimed by the children would be a proper item to be considered by the jury in assessing the damages, and that the law does not sanction an action by one person for injuries to another except in wrongful death actions. Respondent, in words, concedes that the items of damage complained by the children would be proper in an action by their mother. This concession is:

"If, in the instant case, the injury was such as to disable the mother from supporting and providing care, training and education for her minor children, certainly such elements of damage would be sought, and to the extent provable would be recoverable in an action maintained by the mother. . . ."

We are not advised nor permitted to speculate why the father, who is the guardian of the infant plaintiffs and the husband of their mother, did not bring the action in his own name; nor need we stop to consider whether the respondent, as a result of its concession here respecting the item of damage alluded to, would be estopped to deny it in an action by the father.[2]

---

[2]"The general rule as to estoppel to assume inconsistent positions in judicial proceedings generally, as discussed, with its qualifications, in § 117 supra, has been expressly stated to apply, or has been applied, so as to estop a party to assume inconsistent positions in successive proceedings. For this doctrine to be applied, it is commonly required that the parties be the same, and that the same questions be involved. However, some authorities have held that the parties need not be the same where the position assumed in the former proceeding was successfully maintained; and, as appears infra §§ 121 and 122 respectively, judicial estoppel arising from pleadings or testimony in former proceedings may operate for the benefit of persons who were not parties to the former proceedings." 31 C. J. S. 381, § 119.

■ The cause of action for personal injuries to a married woman living with her husband is community personal property, and must be brought in the name of the husband who has the management and control of the personal property (*Hawkins v. Front Street Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021), and although the wife is a proper party in such an action, she is not a necessary one and can sue in her own name only when living separate and apart from her husband. RCW 26.16.130; *Clark v. Beggs*, 138 Wash. 62, 244 Pac. 121; *Hynes v. Colman Dock Co.*, 108 Wash. 642, 185 Pac. 617; *Hammond v. Jackson*, 89 Wash. 510, 154 Pac. 1106; *Schneider v. Biberger*, 76 Wash. 504, 136 Pac. 701, 6 A. L. R. 1056.

But here the question is: Can the children sue by their guardian for their own damage in consequence of an injury to the mother? The trial court, in dismissing the action, held that the children had no such right. The reported cases, with one exception presently noticed, are unanimous that such an action does not exist. *Halberg v. Sai K. Young*, 41 Hawaii 634, 59 A. L. R. (2d) 445 (1957); *Gibson v. Johnston* (Ohio App.), 144 N. E. (2d) 310; *Jeune v. Del E. Webb Constr. Co.*, 77 Ariz. 226, 269 P. (2d) 723; *Eschenbach v. Benjamin*, 195 Minn. 378, 263 N. W. 154. There are three diversity cases: *Meredith v. Scruggs* (C. C. A. 9th), 244 F. (2d) 604 (1957); *Turner v. Atl. Coast Line R. Co.* (U. S. Dist. Ct., Ga.), 159 F. Supp. 590 (1958); *Hill v. Sibley Memorial Hospital* (U. S. Dist. Ct., D. C.), 108 F. Supp. 739 (1952). In the one exception, which is a diversity case, *Scruggs v. Meredith* (U. S. Dist. Ct., Hawaii), 134 F. Supp. 868 (1955), the Federal trial court judge held that there was such an action under the common law of the Territory of Hawaii. This decision provoked a veritable flood of case notes in the nation's law reviews.[3]

But as United States courts in diversity cases sit only as another state court applying state law (*Erie R. Co. v. Tomp-*

---

[3] 8 S. C. L. Q. 477 (Summer, 1956); 31 Notre Dame Lawyer 512 (1956); 34 Tex. L. Rev. 773 (1956); 34 Detroit L. Jour. 174 (1956); 42 Cornell L. Q. 115 (1956); 45 Georgetown L. Jour. 315 (1956); 54 Mich. L. Rev. 1023 (1956).

*kins*, 304 U. S. 64, 82 L. Ed. 1188, 58 S. Ct. 817, 114 A. L. R. 1487), the court of appeals for the ninth circuit reversed *Meredith v. Scruggs*, 244 F. (2d) 604, because of the adverse decision of the territorial supreme court. *Halberg v. Young, supra.*

Appellants make a very strong argument based primarily upon the analogy of the wrongful death action that the children's damage is equivalent to that which they would sustain in their mother's death, and upon the cases holding that a child may recover for the intentional tort of alienating the affections of a parent. Prosser tells us that, at the time of the second edition of his text on torts (1955),[4] in ten states, by decisional law, a child has no such right of action and that four other states sustain the right of action. It is sufficient for present purposes to say that such torts are intentional and that the erring parent may not maintain the action.[5]

Here, on the other hand, the father can maintain the action without the necessity of joining the mother as a party plaintiff, and the respondent concedes that in such action the children's loss is a proper item of damage.

In *Ash v. S. S. Mullen, Inc.*, 43 Wn. (2d) 345, 261 P. (2d) 118, it was determined that a wife had no right of action for the loss of consortium as a result of the negligent injury of her husband. The common law prevails in Washington. RCW 4.04.010.

With commendable forthrightness, appellants' counsel concedes that this action is not sanctioned by the common law but that the court should extend the common law and create it. This we might do under compelling necessity, but we find no occasion to do so here because the father himself, who is the guardian of the infant appellants, may maintain that action in his own name, and, by the respond-

---

[4]Prosser on Torts (2d ed.) 682, 696, chapter 22, § 103.

[5]See the decision of the House of Lords in *Best v. Samuel Fox & Co.*, 1952 App. Cas. 716, 2 All Eng. R. 394 (1952).

ent's concession, recover every item of damage claimed by the appellants.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and HUNTER, JJ., concur.

January 23, 1959. Petition for rehearing denied.