MARY RUSSELL, ADMINISTRATIX AD PROSEQUENDUM OF THE ESTATE OF LAWRENCE H. RUSSELL, JR., DECEASED, AND MARY RUSSELL, GENERAL ADMINISTRATRIX OF THE ESTATE OF LAWRENCE H. RUSSELL, JR., DECEASED, MARY RUSSELL, INDIVIDUALLY, CARMELLA McAVOY, GERALD McAVOY, DONALD RUSSELL, DOROTHY RUSSELL, AND SUSANNA RUSSELL, PLAINTIFFS-APPELLANTS, v. SALEM TRANSPORTATION COMPANY, INC., SALEM TRANSPORTATION COMPANY OF NEW JERSEY, INC., AND ROBERT STANLEY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

Argued September 26, 1972—Decided October 24, 1972.

*Mr. Louis A. Veronica* argued the cause for plaintiffs (*Mr. Thomas A. Lunn,* attorney).

*Mr. Carl Kisselman* argued the cause for defendants (*Messrs. Kisselman, Deighan, Montano, King & Summers,* attorneys; *Mr. Arthur Montano,* of counsel).

The opinion of the Court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. We are asked to decide, for the first time in New Jersey's common-law jurisprudence, that one who negligently injures a parent of minor children is liable to such children for damages for their deprivation of the "aid, comfort, companionship, loss of services and earnings" of the parent attributable to the injuries. The Law Division and on appeal the Appellate Division disallowed such a cause of action. We granted certification. 60 *N. J.* 354 (1972). Upon thorough consideration of the substantial policy questions implicated, we affirm the action of the lower tribunals.

Lawrence Russell, Jr., owner of one of the motor vehicles involved in a two-car collision, was a passenger therein along with his wife, Mary Russell, and another woman, the car being driven by an emancipated son of the Russells. Lawrence was killed and Mary severely injured as a result of the accident. An action was brought against defendants, owner and driver of the other car, encompassing a count for wrongful death of Lawrence, other counts for personal injuries on behalf of all the passengers in the Russell car, and the count here in question—by the three minor children of the Russells for the deprivations mentioned above, past and future, allegedly due to the impaired condition of their mother, Mary Russell, resulting from the accident.

Of the ten or eleven American jurisdictions whose courts have heard pleas for the declaration of the existence of one form or another of the basic cause of action contended for here, all have responded in the negative.[1] See the cases cited

---

[1] The United States District Court of Hawaii had decided the cause of action existed in Hawaii. *Scruggs v. Meredith,* 134 *F. Supp.* 868 (D. C. 1955). When the Hawaii Supreme Court decided to the

in *Annot.*, 59 *A. L. R.* 2d 454 (1958) and also *Pleasant v. Washington Sand & Gravel Co.*, 104 U. S. App. D. C. 374, 262 *F.* 2d 471 (1958); *Hoffman v. Dautel*, 189 *Kan.* 165, 368 *P.* 2d 57 (Sup. Ct. 1962); *Hayrynen v. White Pine Copper Company*, 9 *Mich. App.* 452, 157 *N.W.* 2d 502 (Ct. App. 1968); *Turner v. Atlantic Coast Line Railroad Co.*, 159 *F. Supp.* 590 (N. D. Ga. 1958); *Erhardt v. Havens, Inc.*, 53 *Wash.* 2d 103, 330 *P.* 2d 1010 (Sup. Ct. 1958); *General Electric Company v. Bush, Nev.*, 498 *P.* 2d 366, 371 (Sup. Ct. 1972).

It has been said that persuasive grounds exist, as a matter of logic and natural justice, for recognition of a cause of action on behalf of minors disadvantaged by the negligent impairment of the capacities of a parent. See *Prosser, Torts,* § 125, p. 896 (4 ed. 1971), and writings in legal periodicals there cited; *Hoffman v. Dautel, supra,* 368 *P.* 2d at 59; *Hill v. Sibley Memorial Hospital,* 108 *F. Supp.* 739, 741 (D. C. 1952).[2] The only previous allusion by this court to the issue was the following expression in *Ekalo v. Constructive Serv. Corp. of America,* 46 *N. J.* 82, 92 (1965), the decision recognizing a wife's claim for loss of consortium of an injured husband.

"The defendants refer to the fear that recognition of the wife's claim may necessitate the allowance of recovery to other members of the family and inordinately expand a defendant's liability for losses resulting from his negligence (*Larocca, supra,* 23 *N. J. Super.,* at *p.* 199). See *Neuberg v. Bobowicz,* 401 *Pa.* 146, 162 *A.* 2d 662, 666 (1960). The law has always been most solicitous of the husband and wife relationship, perhaps more so than the parent and child relationship. See *Magierowski v. Buckley,* 39 *N. J. Super.* 534, 541 (App. Div. 1956). In any event, policy rather than logic is the determinative factor and, while persuasive arguments may be

contrary, *Halberg v. Young,* 41 *Hawaii* 634 (1957), the Ninth Circuit Court of Appeals vacated its previous affirmance of *Scruggs* and reversed that decision. *Meredith v. Scruggs,* 244 *F.* 2d 604 (9 Cir., 1957).

[2] Both of the cited cases nevertheless concluding against allowance of such a claim.

mustered in favor of the child's claim (*Prosser, supra*, at *p.* 919), the reciprocal recognition of the wife's claim may readily be rested on its own footing of equality and justice without any compulsion of going further. See *Pleasant v. Washington Sand & Gravel Co.*, 104 *U. S. App. D. C.* 374, 262 *F.* 2d 471 (1958)."

In the case last cited in the foregoing excerpt (and also cited hereinabove) the Court of Appeals for the District of Columbia held that notwithstanding the court had previously upheld a wife's right to recover for loss of consortium caused by negligent injury of the husband, on grounds of the reciprocally equal status of spouses in the marriage relation, no comparable justification existed for creating a right on the part of a child "for loss of personal care, affection and companionship" against third persons when the parent himself was under no legal obligation to the child to provide those amenities. (262 *F.* 2d at 473).

 As we said in *Ekalo, supra,* logic (and even abstract justice) must defer to overall policy in the appraisal of the justification for judicial changes in the common law. Several considerations of policy, taken cumulatively, conduce to the considered conclusion that we should not at this time create the postulated cause of action.

If the claim were allowed there would be a substantial accretion of liability against the tortfeasor arising out of a single transaction (typically the negligent operation of an automobile). Whereas the assertion of a spouse's demand for loss of consortium involves the joining of only a single companion claim in the action with that of the injured person, the right here debated would entail adding as many companion claims as the injured parent had minor children, each such claim entitled to separate appraisal and award. The defendant's burden would be further enlarged if the claims were founded upon injuries to both parents. Magnification of damage awards to a single family derived from a single accident might well become a serious problem to a particular defendant as well as in terms of the total cost of such enhanced awards to the insured community as a whole.

The asserted social need for the disputed cause of action may well be qualified, at least in terms of the family as an economic unit, by the practical consideration recognized by many of the cases on the point that reflection of the consequential disadvantages to children of injured parents is frequently found in jury awards to the parents on their own claims under existing law and practice.

To the extent that the count here disputed seeks compensation for loss of "earnings" of the parent, there is no primary right in the child to the earnings as such or any part of them. The injured parent recovers on his own claim for expected loss of earnings, and, when compensated therefor by recovery, presumably fulfills the child's expectation of participation therein as a family member.

Whether or not, under the proposed added cause of action, the aggregate damages awarded the family by a jury for the injured parent, the spouse and the minor children would generally exceed substantially total family awards under existing law and practice, as anticipated above, one can question the desirability in social policy of the expectable result of actions including the proposed cause of action whereby a portion of the total family recovery, be such recovery large or small, would be segregated and made unavailable for control and disposition by the parents as managers of the family finances. There might also arise the cognate possibility of conflicts within the family in relation to settlements over apportionment of any lump sum tendered by the defense as between the injured parent, the spouse and each of the children.

Finally, problems of remoteness and speculativeness of damage claims in this area are a distinct possibility. See *Annot., supra,* 59 *A. L. R.* 2d at 454, n. 1.

Plaintiffs further contend that withholding of the asserted cause of action denies equal protection and due process under the Fourteenth Amendment to the class of minor children damaged through injury to parents short of death as against the benefits accruing under the wrongful

death act to the class of minor children entitled to share in the compensation under the act for the loss entailed by the death of a parent. The contention is without merit for at least two reasons.

First, minor children of a deceased parent do not as such constitute the category of compensated parties under the wrongful death act. Rather does that category consist of the widow and next of kin of the decedent ("persons entitled to take any intestate personal property of the decedent"), although where some of those persons are dependent on the decedent they are the sole participating beneficiaries whether or not they or any of them are minor children of the decedent. *N. J. S. A.* 2A:31–4.

Second, there is no arbitrariness of treatment of the classes of children, even as hypothesized under plaintiffs' argument. A child is totally deprived of parental benefits when the parent is killed but not, except in unusual cases, when he survives. Moreover, the benefit under the death act is solely for pecuniary loss, albeit that may include services or nurture having pecuniary value, but it does not include loss of companionship and society as such. *McStay v. Przychocki,* 7 *N. J.* 456, 459 (1951). The loss for which plaintiffs seek to be compensated here is, essentially, the nonpecuniary loss of the society and companionship of the injured parent, basically like the loss of consortium of a spouse.

We find no constitutional difficulty in a continuation of the common-law state of the law in this field concomitant with the existence of the remedies under the wrongful death act.

Judgment affirmed.

*For affirmance*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN—7.

*For reversal*—None.