[Civ. No. 43967. Second Dist., Div. Two. Mar. 5, 1975.]

JODIE LYNN SUTER, a Minor, etc., Plaintiff and Appellant, v. JAMES D. LEONARD et al., Defendants and Respondents.

Payson, Epstein & Fife, Phillip K. Fife and Robert Payson for Plaintiff and Appellant.

Dryden, Harrington & Swartz, Raphael Cotkin, Peter Abrahams and Gilbert, Kelly, Crowley & Jennett for Defendants and Respondents.

**OPINION**

**FLEMING, J.**—Plaintiff Jodie Lynn Suter, a minor, appeals the judgment dismissing for failure to state a cause of action her complaint for $150,000 damages for loss of the "society, care, protection, support and affection of her mother."

Plaintiff alleged that her mother, Barbara Suter (who is seeking $2,000,000 damages for herself in the same lawsuit) was injured in a 1971 automobile accident caused by defendants' negligence and as a result incurred physical injuries that left her disabled and unable to care for plaintiff. Until the accident the daughter, born in 1962 and now in the

custody of her divorced mother, enjoyed the society, care, protection, support, and affection of her mother. Defendants should have foreseen that their negligence would injure persons on the highway and could harm the minor children of the persons injured by depriving them of parental care. Plaintiff asserts she has been substantially deprived of parental care in that her mother has been unable to care for and support her or engage in normal mother-daughter activities. She concedes that no California case expressly authorizes recovery of damages by a child for loss of parental society, care, protection, support, and affection, caused by negligent injury to the parent. Nevertheless, she contends that such a cause of action exists, that her loss is a reasonably foreseeable consequence of defendants' conduct, that to deny her a right of action deprives her of equal protection and due process of law.

Plaintiff's claim, viewed in the abstract and divorced from its surroundings, carries both logical and sympathetic appeal. In *Rodriguez v. Bethlehem Steel Corp.,* 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669], the Supreme Court recognized a right of action in a married person for loss of consortium caused by a third person's negligent injury to the married person's spouse. Certain aspects of spousal relationship are similar to those of the parent-child relationship, and there can be little question of the reality of the loss suffered by a child deprived of the society and care of its parent.

Nevertheless, our decision must take into account considerations in addition to logical symmetry and sympathetic appeal. As pointed out by Judge Breitel, every injury has ramifying consequences and losses, like the rippling of the waters, without end.[1] Ideally, each loss should be paid in full in undepreciated currency. Practically, not every loss can be made compensable in money damages, and legal causation must terminate somewhere. In delineating the extent of a tortfeasor's responsibility for damages under the general rule of tort liability (Civ. Code, § 1714), the courts must locate the line between liability and non-liability at some point, a decision which is essentially political. (See *Rowland v. Christian,* 69 Cal.2d 108, 112-113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) In dealing with the type of loss at bench, courts in other jurisdictions have uniformly placed the loss on the non-actionable side of the line. As

---

[1]"While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree." (*Tobin* v. *Grossman* (1969) 24 N.Y.2d 609, 619 [301 N.Y.S.2d 554, 561, 249 N.E.2d 419].)

Prosser states, "The interest of the child in proper parental care . . . has run into a stone wall where there is merely negligent injury to the parent." (Law of Torts (4th ed.) p. 896.) The decisions all reject liability (*Early* v. *United States* (9th Cir. 1973) 474 F.2d 756, 758-759, applying Alaskan law; *Pleasant* v. *Washington Sand & Gravel Co.* (1958) 262 F.2d 471 [104 App.D.C. 374]; *Jeune* v. *Del E. Webb Constr. Co.* (1954) 77 Ariz. 226 [269 P.2d 723]; *Halberg* v. *Young* (1957) 41 Hawaii 634 [59 A.L.R.2d 445]; *Hankins* v. *Derby* (Iowa 1973) 211 N.W.2d 581; *Hoffman* v. *Dautel* (1962) 189 Kan. 165 [368 P.2d 57]; *Hayrynen* v. *White Pine Copper Co.* (1968) 9 Mich.App. 452 [157 N.W.2d 502]; *General Electric Co.* v. *Bush* (1972) 88 Nev. 360 [498 P.2d 366]; *Russell* v. *Salem Transportation Co.* (1972) 61 N.J. 502 [295 A.2d 862]; *Duhan* v. *Milanowski* (1973) 75 Misc.2d 1078 [348 N.Y.S.2d 696]; *Turner* v. *Atlantic Coast Line R. Co.* (N.D.Ga. 1958) 159 F.Supp. 590.) In denying a child's cause of action for negligent injury to the parent, the cases cite a variety of concerns: absence of an enforceable claim by the child to the parent's services; indirectness and derivative nature of the injury; uncertainty and remoteness of damages; possibility of overlap with the parent's recovery; multiplication of tort claimants; multiplication of tort litigation; abrogation of the period of limitation; splitting of the basic cause of action; and potential increase in insurance costs. The Supreme Court gave implied support to these concerns in *Rodriguez* v. *Bethlehem Steel Corp., supra,* 12 Cal.3d 382, 403-404, when it quoted from decisions in other jurisdictions that distinguish spousal from parent-child relationships.[2] ■ In the absence of a specific ruling to the contrary from our Supreme Court, we follow the unanimous rulings of other jurisdictions and classify plaintiff's loss as non-actionable.

Plaintiff's constitutional argument fails for similar reasons. The fact that the Legislature may have authorized money damages for loss of society and comfort in an action for wrongful death of a parent (Code Civ. Proc., § 377) does not compel a similar recovery in the case of

---

[2] " 'If she should be so permitted [to recover for loss of consortium], the fact that to so hold might cause others to *assert* causes of action, e.g., a child or parent, is no reason to deny a wife an existing right of action.' (Italics in original.) . . . 'Nor does it follow that if the husband-wife relationship is protected as here envisaged, identical protection must be afforded by analogy to other relationships from that of parent-child in a lengthy regress to that of master-servant; courts will rather proceed from case to case with discerning caution.' . . . 'The law has always been most solicitous of the husband and wife relationship, perhaps more so than the parent and child relationship. [Citation.] In any event, policy rather than logic is the determinative factor and, while persuasive arguments may be mustered in favor of the child's claim [citation], the reciprocal recognition of the wife's claim may readily be rested on its own footing of equality and justice without any compulsion of going further.' " (Pp. 403-404.)

negligent injury to a parent. While the parent lives, the tangible aspects of the child's loss can be compensated in the parent's own cause of action. As put by Stainback, J., in *Halberg* v. *Young* (1957) 41 Hawaii 634, 640 [59 A.L.R.2d 445, 450], "where a person has been injured by the negligent act of another the parent will recover from the other full damage which he has sustained, including such inability, if any, to properly care for his children, and thus the parent's ability to carry out his duty to support and maintain the child has not, in a legal sense, been destroyed or impaired by the injury to him." The Legislature could rationally conclude that only on the parent's death should intangible losses to a child become actionable. (See *Russell* v. *Salem Transportation Co.* (1972) 61 N.J. 502 [295 A.2d 862].)

The judgment of dismissal is affirmed.

Roth, P. J., and Beach, J., concurred.

On April 1, 1975, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied May 22, 1975. Mosk, J., and Sullivan, J., were of the opinion that the petition should be granted.