[Civ. No. 46533. Second Dist., Div. Three. Jan. 29, 1976.]

RUBEN T. GARZA, a Minor, etc., et al., Plaintiffs and Appellants, v. STEPHEN KANTOR et al., Defendants and Respondents.

**COUNSEL**

Shapiro, Finn & O'Leno, David S. Sabih and Herbert F. Blanck for Plaintiffs and Appellants.

Buck & Smith and Mark Denis Rutter for Defendants and Respondents.

**OPINION**

**COBEY, Acting P. J.**—Plaintiffs, Ruben Garza, Marie Garza and Michael Anthony Garza, the minor children of coplaintiffs, Ruben Garza and Alice J. Garza, appeal by their guardian ad litem, their just-mentioned mother, from a minute order striking from the first amended complaint[1] their causes of action in which each child alleges that by reason of the negligence of defendants Stephen Kantor, M.D., A. Martino, M.D., P. Ahles, M.D. and Cerritos Gardens General Hospital, each has been deprived of the unrestricted companionship, comfort, love, affection, care and services of their aforementioned coplaintiff father to their damage in the total amount of $750,000 ($250,000 apiece).

     The appeal of the three children lies since the order striking the only causes of action alleged on their behalf from the first amended complaint terminates their participation as parties litigant in the action.

---

[1]Pursuant to rule 12(a), of the California Rules of Court, we have added to the record on appeal the superior court file in this case (see No. 68474).

The order is therefore appealable as a final judgment within the meaning of Code of Civil Procedure section 904.1, subdivision (a). (See *Wilson* v. *Sharp,* 42 Cal.2d 675, 677 [268 P.2d 1062]; *Buckaloo* v. *Johnson,* 14 Cal.3d 815, 821, fn. 3 [122 Cal.Rptr. 745, 537 P.2d 865]; *Banerian* v. *O'Malley,* 42 Cal.App.3d 604, 607, fn. 1 [116 Cal.Rptr. 919].)

■ The primary issue presented by this appeal is whether these minor children have a cause of action in this state for the loss of consortium resulting from allegedly negligent injury to their father. We believe not and we thereby follow the fairly recent holding by another local division of this statewide court in *Suter* v. *Leonard,* 45 Cal.App.3d 744, 745-747 [120 Cal.Rptr. 110], that a minor daughter may not recover for loss of consortium stemming from the allegedly negligent injury to her mother who had custody of the girl. We also follow the unanimous conclusion in 14 other jurisdictions that no such cause of action exists. (See, in addition to the cases cited in *Suter, supra,* at p. 747; *Hill* v. *Sibley Memorial Hospital* (D.C. 1952) 108 F.Supp. 739, 741; *Eschenbach* v. *Benjamin* (1935) 195 Minn. 378 [263 N.W. 154, 155-156]; *Gibson* v. *Johnston* (1956) 75 Ohio L. Abs. 413 [144 N.E.2d 310, 312]; *Erhardt* v. *Havens, Inc.* (1958) 53 Wn.2d 103 [330 P.2d 1010, 1012]; *Meredith* v. *Scruggs* (9th Cir. 1957) 244 F.2d 604.) Finally, we believe that our Supreme Court indicated rather plainly fairly recently in *Rodriguez* v. *Bethlehem Steel Corp.,* 12 Cal.3d 382, 408, 402-404 [115 Cal.Rptr. 765, 525 P.2d 669], in recognizing in this state a cause of action in a spouse for loss of consortium caused by a negligent or intentional injury to the other spouse by a third person, that such recognition did not presage a like recognition of such a cause of action based upon the parent-child relationship.[2]

---

[2] In this connection we note that in at least eight jurisdictions a cause of action for loss of spousal consortium is recognized while a cause of action in a child for loss of parental consortium is not. (*Hitaffer* v. *Argonne Co.* (D.C.Cir. 1950) 183 F.2d 811, 819 [23 A.L.R.2d 1366] (spouse); *Pleasant* v. *Washington Sand & Gravel Co.* (D.C.Cir. 1958) 262 F.2d 471, 472-473 [104 App.D.C. 374] (child); *Brown* v. *Georgia-Tennessee Coaches* (1953) 88 Ga.App. 519 [77 S.E.2d 24, 32] (spouse); *Turner* v. *Atlantic Coast Line Railroad Company* (N.D.Ga. 1958) 159 F.Supp. 590 (child); *Acuff* v. *Schmit* (1956) 248 Iowa 272 [78 N.W.2d 480, 486] (spouse); *Hankins* v. *Derby* (Iowa 1973) 211 N.W.2d 581, 585 (child); *Montgomery* v. *Stephan* (1960) 359 Mich. 33 [101 N.W.2d 227, 235] (spouse); *Hayrynen* v. *White Pine Copper Company* (1968) 9 Mich.App. 452 [157 N.W.2d 502, 503] (child); *General Electric Company* v. *Bush* (1972) 88 Nev. 360 [498 P.2d 366, 371] (spouse and child); *Ekalo* v. *Constructive Serv. Corp. of Am.* (1965) 46 N.J. 82 [215 A.2d 1, 6] (spouse); *Russell* v. *Salem Transportation Company* (1972) 61 N.J. 502 [295 A.2d 862, 864] (child); *Millington* v. *Southeastern Elevator Co.* (1968) 22 N.Y.2d 498 [293 N.Y.S.2d 305, 239 N.E.2d 897, 902, 36 A.L.R.3d 891] (spouse); *Duhan* v. *Milanowski* (1973) 75 Misc.2d 1078 [348 N.Y.S.2d 696, 702] (child); *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 408 [115 Cal.Rptr. 765, 525 P.2d 669] (spouse); *Suter* v. *Leonard* (1975) 45 Cal.App.3d 744, 747 [120 Cal.Rptr. 110] (child).)

These relationships are not the same. The one rests in contract. (Civ. Code, § 5100.) The other does not. The one endures for the length of the marriage; the other, generally speaking, is a continuing close familial relationship only during the minority of the child at most. Love, affection, companionship and services between adults differ in kind and not simply in degree from the same matters when they exist within the relationship of parent and child.[3]

The denial to the minor child of a cause of action for loss of parental consortium seems to us to be sound policy. The intangible elements of damage involved make substantial recoveries highly speculative. The economic impact of tortiously inflicted injury is greatly extended both in the number of litigants and in the pyramiding of claims. Furthermore there is a possible overlap in the recovery of the injured parent and the children. (See Note, *Torts-Parents-Child* (1956) 54 Mich.L.Rev. 1023, 1024.)

The second issue presented is whether the constitutional mandate of equal protection (U.S. Const., Amend. XIV, § 1; Cal. Const., art. I, § 7, subd. (a)) compels recognition of this new tort. This mandate requires the law to treat alike those who are similarly situated. (*Brown v. Merlo,* 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].) We do not regard the minor children in this case as situated similarly to the spouses to whom a cause of action for consortium is accorded. As we have just indicated, we view the relationships between spouses, on the one hand, and parent and child, on the other, as being essentially different. Secondly, although by statute (Code Civ. Proc., § 377) California grants a cause of action to certain beneficiaries (including minor children) of one wrongfully killed, the situation of such children differs from the position of the children before us. Those children are members of a statutory class and there is but a single recovery on behalf of all beneficiaries. Moreover, surviving children are totally deprived of parental consortium while the children before us are merely partially deprived. Finally, since California has not recognized a cause of action in a parent for the loss of the consortium of a child, there can be no

---

[3]We do not find the contrary view expressed in *Hair* v. *County of Monterey,* 45 Cal.App.3d 538, 544 [119 Cal.Rptr. 639], persuasive. There the two consortiums were *assumed* by all concerned to be essentially alike. Furthermore this expression was merely dictum in the case as the plaintiff parents were denied recovery under *Rodriguez, supra.* (*Id.,* p. 547.)

denial of constitutional equal protection in our holding that a child similarly has·no cause of action for loss of parental consortium.[4]

The minute order striking the various causes of action from the first amended complaint, that are included therein on behalf of the three minor children, is affirmed.

Allport, J., and Potter, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 24, 1975. Mosk, J., was of the opinion that the petition should be granted.

---

[4] The following seven jurisdictions appear to recognize a cause of action in a parent for loss of consortium of his or her negligently injured child. *Yordon* v. *Savage* (Fla. 1973) 279 So.2d 844, 846; *Hayward* v. *Yost* (1952) 72 Idaho 415 [242 P.2d 971, 977]; *Stephens* v. *Weigel* (1948) 336 Ill.App. 36 [82 N.E.2d 697, 700]; *Bias* v. *Ausbury* (1963) 369 Mich. 378 [120 N.W.2d 233, 235-236]; *Drayton* v. *Jiffee Chemical Corporation* (N.D.Ohio 1975) 395 F.Supp. 1081, 1097; Wash.Rev.Code, § 4.24.010; *Shockley* v. *Prier* (1975) 66 Wis.2d 394 [225 N.W.2d 495, 501].

The following six jurisdictions have apparently refused to recognize this cause of action. *Smith* v. *Richardson* (1965) 277 Ala. 389 [171 So.2d 96, 100]; *Butler* v. *Chrestman* (Miss. 1972) 264 So.2d 812, 816-817; *Brennan* v. *Biber* (1966) 93 N.J.Super. 351 [225 A.2d 742, 752]; *Gilbert* v. *Stanton Brewery* (1946) 295 N.Y. 270 [67 N.E.2d 155, 157]; *Quinn* v. *City of Pittsburgh* (1914) 243 Pa. 521 [90 A. 353, 354]; *McGarr* v. *National & Providence Worsted Mills* (1902) 24 R.I. 447 [53 A. 320, 325].

Finally, whether such a cause of action is recognized in North Carolina is uncertain. (See *Michigan Sanitarium & Benevolent Ass'n.* v. *Neal* (1927) 194 N.C. 401 [139 S.E. 841, 842].)