EDWARD E. MUELLER *et al.*, Plaintiffs-Appellants, *v.* HELLRUNG CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

Fifth District    No. 81-169

Opinion filed June 10, 1982.

George R. Ripplinger, Jr., of Ripplinger, Dixon & Hoffman, of Belleville, for appellants.

Stephen J. Maassen and Al J. Pranaitis, both of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellees Hellrung Construction Company, W. B. Wiggins, Jr., KSM Sheet Metal Co., Werner Brothers, Inc., and Kroger Company.

JUSTICE JONES delivered the opinion of the court:

This appeal again presents to the appellate court the question of whether Illinois recognizes an action by a minor child for the loss of parental society, companionship, love, affection and parental guidance.

In this action brought in part in negligence and in part under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*), plaintiff sought $6,000,000 in compensatory damages and $6,000,000 in punitive damages, plus costs of suit, for personal injuries suffered when he fell from the roof of a Kroger store then under construction in Alton, Illinois. He was an employee of Canham Sheet Metal Corporation, a subcontractor of one or more of the defendants named in the suit. In one count of the complaint his wife, plaintiff Geraldine Mueller, sought $4,000,000 for loss of consortium, and in another count his son, Michael Mueller, a minor, by his father and next friend, sought $2,000,000 for the loss of his father's "society, companionship, love, affection, and parental guidance." Separately the defendants moved to dismiss for failure to state a cause of action the count of the complaint wherein the minor sought to recover for the loss of parental companionship and society. Relying upon *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148, the trial court granted defendants' motions to dismiss that count. On appeal the minor raises two issues: (1) whether that count of the complaint states a cause of action and (2) whether dismissal of the count denies him equal protection of the laws.

Of the several jurisdictions that have considered the question of whether a minor child may recover for the loss of a parent's companionship and society, that is to say, for the loss of what has been termed "parental consortium," nearly all, including Illinois in *Koskela*, have held that a minor child may not maintain such a cause of action. (See Annot., 69 A.L.R.3d 528 (1976).) Only Massachusetts (*Ferriter v. Daniel O'Connell's Sons, Inc.* (1980), ___ Mass. ___, 413 N.E.2d 690), Michigan (*Berger v. Weber* (1981), 411 Mich. 1, 303 N.W.2d 424) and, apparently, Iowa (*Weitl v. Moes* (Iowa 1981), 311 N.W.2d 259) allow a child to maintain a cause of action for the loss of parental companionship and society resulting from injury caused by the tortious act of a third party.

In *Koskela* an autistic child sought to recover for the loss of her father's services, companionship, society and affection after he was rendered unable, because of injury resulting from a collision with a garbage truck, to drive her to a special school, her mother being ill. Affirming the trial court's dismissal for failure to state a cause of action, the court expressed the concern, which we share, that recognition of a child's consortium action will result in increased litigation and multiple claims because each child has his or her own cause of action. As was said in *Koskela*,

> "The possibility of multiple lawsuits may hinder settlement or increase the expense involved as such. Additionally, the social burden of providing damages for this loss will ultimately be borne by the public through increased insurance premiums or in the enhanced danger that accrues from the greater number of people who will choose to go without any insurance." 91 Ill. App. 3d 568, 572, 414 N.E.2d 1148, 1151.

We agree with the court in *Koskela* that one of the consequences to be considered of allowing such a cause of action is the possibility of a defendant's greatly expanded liability. The court there noted the difficulty of drawing a line to end litigation "if all members of the household, such as cousins, grandchildren, and foster children, could have potential claims for loss of consortium." (91 Ill. App. 3d 568, 572, 414 N.E.2d 1148, 1151.) Furthermore, it might be possible to draw that line so as to exclude children who are no longer minors from advancing a claim for the loss of a parent's companionship and society. As the dissent in *Berger v. Weber* pointed out,

> "Parents often continue to provide their children with society, companionship, nurturance [*sic*] and guidance long after the children themselves become parents. Some children never leave their parents' homes. Other children, whether married or single, become the devoted caretakers and companions of aged parents, whose society and companionship play a prominent role in their

lives. The class of cases in which deprivation of parental consortium can be asserted is more extensive than might at first appear." (411 Mich. 1, 31, 303 N.W.2d 424, 433-34.)

The dissent there also observed, we think correctly, that

"[w]hile the creation of other new causes of action may have affected only a handful of cases and thus generated marginal additional costs, recognizing a separate right of recovery in members of a tort victim's family creates a potential for additional liability in a large number of cases. And a tort victim is likely to have more children than spouses." 411 Mich. 1, 39, 303 N.W.2d 424, 437.

In the dissent's analysis in *Berger,* if such a cause of action were allowed, given the place of both insurance and the automobile in our society, it is quite likely that those children suffering the greatest losses might well receive little or no compensation and that those suffering relatively slight losses would receive relatively greater compensation:

"Because few automobile drivers carry adequate liability insurance, most children who are deprived of a parent's companionship will not be benefitted. Policy limits are likely to be exhausted in the full or partial satisfaction of the injured parent's claim and the spouse's loss of consortium claim, without regard to children's claims for loss of parental consortium. Even fewer drivers have sufficient resources to satisfy such claims themselves. To be sure, some fortunate plaintiffs—for example, a child whose parent happens to be injured in a collision with a common carrier's truck instead of an ordinary citizen's automobile, or in an industrial accident where a third party is responsible, or by a major manufacturer's product—will be able to recover against 'deep-pocket' defendants. But in the typical auto accident case, the less serious the parent's injury, the more likely it is that money will be available to pay claims for loss of parental consortium. The benefits of recognizing the child's cause of action will be unevenly and adventitiously distributed, more so than ordinarily." (411 Mich. 1, 40, 303 N.W.2d 424, 438.)

All things considered, we think that the balance must be struck against the creation of a new cause of action for loss of parental companionship and society. Although we appreciate the loss sustained by the minor child in the instant case, the loss is not one that in Illinois is actionable.

The minor maintains that "it is a violation of equal protection of the laws to allow a minor child to recover for the loss of consortium, companionship, society and affection of its parents if the parent dies of negligently inflicted injuries but to deny that same child those rights and cause of action if the parent survives. Such a distinction does not promote any compelling state interest * * *." Plaintiff submits further that there is

no rational basis for allowing one member of a family to maintain an action for loss of society, companionship, love and affection and denying that same cause of action to the remaining members of the family. Both of these arguments have been advanced unsuccessfully in other jurisdictions that do not recognize a child's cause of action for the loss of a parent's companionship and society. In *Garza v. Kantor* (1976), 54 Cal. App. 3d 1025, 127 Cal. Rptr. 164, one of the issues presented was whether the constitutional mandate of equal protection compels recognition of this new tort. There the court reasoned,

> "This mandate requires the law to treat alike those who are similarly situated. [Citation.] We do not regard the minor children in this case as situated similarly to the spouses to whom a cause of action for consortium is accorded. As we have just indicated, we view the relationships between spouses, on the one hand, and parent and child, on the other, as being essentially different. Secondly, although by statute (Code Civ. Proc., §377) California grants a cause of action to certain beneficiaries (including minor children) of one wrongfully killed, the situation of such children differs from the position of the children before us. Those children are members of a statutory class and there is but a single recovery on behalf of all beneficiaries. Moreover, surviving children are totally deprived of parental consortium while the children before us are merely partially deprived." (54 Cal. App. 3d 1025, 1028, 127 Cal. Rptr. 164, 166.)

In *Russell v. Salem Transportation Co.* (1972), 61 N.J. 502, 295 A.2d 862, the court found the equal protection argument without merit for two reasons:

> "First, minor children of a deceased parent do not as such constitute the category of compensated parties under the wrongful death act. Rather does that category consist of the widow and next of kin of the decedent ('persons entitled to take any intestate personal property of the decedent'), although where some of those persons are dependent on the decedent they are the sole participating beneficiaries whether or not they or any of them are minor children of the decedent. N.J.S.A. 2A:31-4.
>
> Second, there is no arbitrariness of treatment of the classes of children, even as hypothesized under plaintiffs' argument. A child is totally deprived of parental benefits when the parent is killed but not, except in unusual cases, when he survives." 61 N.J. 502, 508, 295 A.2d 862, 865.

In Illinois the amount recovered under the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2), with certain exceptions not applicable here, "shall be for the exclusive benefit of the surviving spouse and next of

kin of such deceased person * * *." Thus, minor children of a deceased parent do not constitute the category of beneficiaries compensated under the Wrongful Death Act. The two classifications here disputed are not composed of similarly situated individuals. Nor do we think that spouses, who may bring a cause of action for loss of consortium, may be said to be similarly situated with minor children. Hence, it cannot be said that those who are similarly situated have been treated dissimilarly under the law. Contrary to his assertion, the minor is not denied equal protection of the laws by the failure to recognize a cause of action for the loss of parental companionship and society.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.