No. 42,423

EDWARD J. HOFFMAN, EUGENE LeROY HOFFMAN and EDNA JANE
HOFFMAN, Minors, by their Mother, Donna Irene Hoffman, their
Guardian and next friend, *Appellants*, v. JACKIE E. DAUTEL and
DELMAR L. DAUTEL, dba Dautel Brothers; THE HOME INSURANCE
COMPANY and THE HOME INDEMNITY COMPANY OF NEW YORK,
NEW YORK, Corporations; H. A. SCHROEDER, STATE AUTOMOBILE
AND CASUALTY UNDERWRITERS OF DES MOINES, IOWA; GEORGE CAL-
LAHAN; C. E. SHORT and GENE SHORT, dba Short & Son, and TRI-
STATE INSURANCE COMPANY, a Corporation, *Appellees.*

(368 P. 2d 57)

Opinion filed January 20, 1962.

*Sam A. Crow,* of Topeka, argued the cause, and *Jacob A. Dickinson, Paul
C. Aiken,* and *Jack C. McCarter,* of Topeka, were on the briefs with him for
appellants.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough, E. Ed-
ward Johnson,* and *Wayne T. Stratton,* of Topeka, were with him on the briefs
for appellees and cross-appellants.

The opinion of the court was delivered by

FATZER, J.: This was an action by three minor children, through their mother and next friend, to recover damages from the defendants for the negligent injury to their father, Everett Eugene Hoffman, who is presently living.

The defendants H. A. Schroeder; State Automobile and Casualty Underwriters of Des Moines, Iowa; George Callahan; C. E. Short and Gene Short, d/b/a Short & Son, and Tri-State Insurance Company, a corporation, are no longer parties to the action since the case was dismissed against them by plaintiffs in the district court. Defendants Jackie E. Dautel and Delmar L. Dautel, d/b/a Dautel Brothers; The Home Insurance Company, and the Home Indemnity Company of New York, New York, corporations, are the sole appellees.

The plaintiffs are the three natural minor children of Edward Eugene Hoffman. On June 9, 1958, at about 1:00 a. m. they were riding as passengers in an automobile driven by their father when it collided with the rear end of the defendant Dautel Brothers' unlighted truck which was unlawfully stopped on U. S. Highway No. 40 blocking the roadway. The accident caused the father to suffer a severe brain injury which permanently disabled him. Due to the father's injury, his character, personality and complete attitude toward his family, and particularly toward the plaintiffs, materially changed to their detriment, and resulted in the loss of the love, care, companionship, parental guidance and attention of the kind and loving parent, and the loss of their family and social association.

The appellees moved to strike paragraphs 7, 8 and 9 from the petition on the basis that minor children have no cause of action against third parties for personal injury to their parent, and that $50,000 claimed by each, for a total of $150,000, was not a proper measure of damage or an allowable item of damages. Plaintiffs have appealed from the order sustaining the motion to strike.

The sole question presented, which the parties concede is one of first impression before this court, is whether minor children have a cause of action against the defendants for direct negligent injury to their father, resulting in an indirect injury to them for loss of *consortium.*

The parties are agreed that no such cause of action was known to the common law (2 Cooley, Torts, 4th ed., § 174), and that there

is no Kansas statute or judicial precedent which presently authorizes plaintiffs to maintain the instant action. Our attention is directed to the annotation immediately following the reported case of *Halberg v. Sai K. Young*, 41 Hawaii 634 (1957), 59 A. L. R. 2d 445, with respect to a minor child's right of action for loss of support, training, parental attention, and the like, against third persons negligently injuring the parent. It states that the universally accepted rule in all jurisdictions, at least at the present time, is that minor children have no cause of action for non-fatal injuries to their parent caused by the negligence of a third party tort-feasor with attendant loss of kindness, care, attention, companionship and other incidences to the parent-child relationship. The precise question has been resolved in nine jurisdictions (Arizona; District of Columbia; Hawaii; Massachusetts; Michigan; Minnesota; Missouri; Ohio, and in *Turner v. Atlantic Coast Line Railroad Company*, 159 F. Supp. 590), and it was unanimously held that no such cause of action exists.

It would unduly extend this opinion to detail the facts and discuss the reasoning upon which each of the foregoing jurisdictions decided the question involved, and the interested reader is referred to the annotation for citations of authority. It may be said that those jurisdictions denied a minor child's right of recovery for several reasons: One, at common law a child has no right to sue for loss of *consortium;* two, the damages are remote and uncertain; three, the possible overlap with the parent's recovery of damages, since juries as a matter of fact consider the plight of young children in fixing damages where the parent is seriously injured, and four, multiplicity of actions all based upon a single tort and one physical injury.

The plaintiffs candidly concede they cannot find a single authority which supports their contention that a cause of action was alleged, but nevertheless urge that the basic aim of the law of torts is full compensation for harm and injury sustained by the act of a third party tort-feasor; that common-law juries are just as capable of placing a monetary value on the child's interest of the parental relationship as they are of placing a monetary value to be paid for pain and suffering, loss of a limb, or fracture of a bone; that the common law is not a fixed system of concrete rules, but should continually be reappraised and reinterpreted to meet the changing circumstances of society and customs; that the common law has frequently recognized

new interests and causes of action for individuals who have been injured or harmed by others; that where, as here, a parent is incapacitated by a brain injury, depriving plaintiffs for the remainder of their lives of the advice, love, care, affection and companionship of a kind and loving father, they have suffered genuine, though intangible, harm and damage, and earnestly contend that a cause of action has been alleged based upon the defendants' negligent injury of their father which materially and substantially affects them and the happy home unit which they once enjoyed.

The decided trend of judicial authority on the point in question, while persuasive, does not necessarily control the decision of this court, nor does the court feel that it is always necessary to wait for legislative authority before entertaining an action for which there is no prior judicial sanction. Novelty is not sufficient to prevent recovery and the absence of precedent does not prove that a cause of action cannot be maintained (*Hill v. Sibley Memorial Hospital,* 108 F. Supp. 739).

One of the basic characteristics of the common law is that it is not static, but is endowed with vitality and a capacity to grow. It never becomes permanently crystallized but changes and adjusts from time to time to new developments in social and economic life to meet the changing needs of a complex society. In a sense, it must be behind the times, because before the law changes or develops new rules, the conditions requiring the modification must acquire some degree of permanency. (Justice Holmes, Collected Legal Papers, p. 294.) Modification implies growth. It is the life of the law. In his book entitled The Growth of the Law, page 20, Mr. Justice Cardozo, with poetic imagery, gave the following expression to that thought:

". . . The inn that shelters for the night is not the journey's end. The law, like the traveler, must be ready for the morrow. It must have a principle of growth."

It is common knowledge that a parent who suffers serious physical or mental injury is unable to give his minor children the parental care, training, love and companionship in the same degree as he might have but for the injury. Hence, it is difficult for the court, on the basis of natural justice, to reach the conclusion that this type of action will not lie. Human tendencies and sympathies suggest otherwise. Normal home life for a child consists of complex incidences in which the sums constitute a nurturing environment. When the

vitally important parent-child relationship is impaired and the child loses the love, guidance and close companionship of a parent, the child is deprived of something that is indeed valuable and precious. No one could seriously contend otherwise.

While courts should be ever alert to widen the circle of justice, at the same time they should proceed with caution in laying down a new rule in the light of conditions affected or to be affected by it. If this court were to conclude that a cause of action is here alleged, the far-reaching results of such a decision would be readily apparent. A new field of litigation would thus arise between minor children and third party tort-feasors who injure either parent when it is alleged that the negligent injury contributed to the impairment or destruction of the happy family unit with resulting loss and damage to the minor children. The possibility of multiplicity of actions based upon a single tort and one physical injury, when there is added the double-recovery aspect of such a situation in the absence of some statutory control, is deemed sufficient to prevent this court from answering in the affirmative that a cause of action has been alleged. The district court did not err in sustaining the motion to strike paragraphs 7, 8 and 9 from the petition.

The defendant appellees have cross-appealed and raised questions concerning certain allegations in the plaintiffs' petition. In view of the conclusion just announced, this court is not required to discuss and decide those questions.

The judgment of the district court is affirmed on both the appeal and the cross-appeal.