No. 52,044

Doris M. Schmeck, *Appellant,* v. City of Shawnee, Kansas, a municipal corporation; Secretary of Transportation; Kansas City Power & Light Company, a corporation; Marilyn I. Velasquez, Administratrix of the Estate of Linda S. Nepote, Deceased; and Larry J. Doyle, *Appellees.*

(647 P.2d 1263)

Opinion filed July 16, 1982.

*Victor A. Bergman,* of Schnider, Shamberg & May, Chartered, of Kansas City, argued the cause, and *John E. Shamberg* and *Mark A. Johnson,* of the same firm, were with him on the briefs for appellant.

*Thomas R. Buchanan,* of Balloun & Bodinson, Chartered, of Olathe, argued the cause, and *J. Eugene Balloun* and *Ron Bodinson,* of the same firm, were on the brief for appellee City of Shawnee, Kansas.

*J. Roy Holliday, Jr.,* of Speer, Austin, Holliday, Lane & Ruddick, Chartered, of Olathe, argued the cause and *Peter V. Ruddick,* of the same firm, was with him on the brief for appellee Kansas City Power & Light Company.

*Gerald L. Rushfelt,* of Rushfelt, Mueller, Druten and Moran, of Overland Park, argued the cause, and *William P. Coates, Jr.,* of the same firm, was on the brief for appellee Larry J. Doyle.

*Jannell D. Senn,* of Boddington & Brown, of Kansas City, argued the cause, and *N. Jack Brown,* of the same firm, was on the brief for appellee Marilyn I. Velasquez, Administratrix of the Estate of Linda S. Nepote, Deceased.

*Mark A. Buck,* of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, was on the brief for *amicus curiae,* Kansas Association of Defense Counsel.

The opinion of the court was delivered by

Miller, J.: This is an appeal in a negligence action by the plaintiff, Doris M. Schmeck, from summary judgment entered against her and in favor of the defendants by the Wyandotte District Court. Defendants are the City of Shawnee, Kansas; the Secretary of Transportation of the State of Kansas; Kansas City Power and Light Company; Marilyn I. Velasquez, administratrix of the estate of Linda S. Nepote, deceased; and Larry J. Doyle.

The issue presented is whether a mother has a cause of action

for damages she has sustained—mental and emotional distress, physical injuries, loss of time, and economic loss—following injury to her adult daughter caused by the negligence of the defendants.

The amended petition summarizes the facts. It alleges in substance that on July 11, 1976, plaintiff's daughter, Teresa L. Schmeck, was a passenger on a motorcycle being operated by Linda S. Nepote in an easterly direction on K-10 Highway in Shawnee, Kansas. When the motorcycle reached the intersection of K-10 Highway and Quivira Road, it collided with a vehicle being driven by defendant Larry J. Doyle as he was making a left turn from K-10 Highway preparing to go south on Quivira Road. As a result of the collision plaintiff's daughter was hurled from the motorcycle onto the pavement surface and sustained permanent, painful and disabling injuries which have rendered her totally incapacitated.

Prior to the collision Teresa L. Schmeck was a healthy, able-bodied young woman, twenty-three years of age, in possession of all her faculties; as a result of the injuries sustained in the collision, Teresa has been rendered totally disabled.

As a consequence of the collision in which Teresa was injured, the plaintiff has sustained great emotional, psychic and physical injuries, and she has further sustained the loss of the services, companionship, advice and counsel of her daughter, Teresa.

The collision was directly and proximately caused by the negligence and carelessness of the several defendants, whose negligence joined and concurred to cause the collision.

In addition to the facts pleaded, it is agreed, at least for the purposes of this appeal, that plaintiff was not present at the scene of the collision; she was at her home, several miles away. She learned of her daughter's injuries about an hour later, and went immediately to the hospital. Her husband, Teresa's father, suffered a heart attack four days later and died on August 2, 1976. Plaintiff visited Teresa once or twice daily until her release from the hospital on October 29, 1976; since then, Teresa has been living with plaintiff. Teresa requires constant care. Plaintiff has had to give up her career as an organist and music teacher, and devote her waking hours to her daughter. The demands of caring for Teresa have caused plaintiff to be nervous, tired, and exhausted, and led to a case of hepatitis which required four

months' bed rest. Caring for her daughter has cost plaintiff time, travel, and out-of-pocket expense.

Teresa filed suit against these defendants, seeking damages for her injuries. She recovered a substantial verdict. That case, *Schmeck v. City of Shawnee, Kansas, et al.,* No. 53,097, is now pending on appeal in this court.

The case we now consider is an entirely separate action commenced by Doris M. Schmeck, who contends that as a result of the damages she has sustained due to Teresa's injuries, she (Doris) has a cause of action for negligence in her own right. The trial judge granted motions for summary judgment leveled by each of the defendants, holding as a matter of law that plaintiff has no cause of action for her claimed injuries and damages, which occurred as a result of the injuries sustained by her emancipated adult daughter. Plaintiff appeals.

Plaintiff argues that she sustained cognizable damages, enumerated above, as a result of defendants' negligence, and that the trial court erred in misconstruing plaintiff's claim and in considering only the issue of mental and emotional distress. Granted, the trial court did not specifically enumerate all of the items of damage claimed, but it appears to us that the trial court accepted as true, for the purpose of ruling upon the motions for summary judgment, all of plaintiff's claims.

Damages alone, however, do not create a right or a cause of action. In *Foster v. Humburg,* 180 Kan. 64, 67-68, 299 P.2d 46 (1956), we said:

"[D]amages . . . do not constitute the 'cause of action.' The 'cause of action' is the wrong done, not the measure of compensation for it, or the character of relief sought. A 'cause of action' arises from a manifestation of a right or violation of an obligation or duty. (*Friederichsen v. Renard,* 247 U.S. 207, 62 L.Ed. 1075, 38 S.Ct. 450; *Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co.* (10th Circuit), 173 F.2d 844; *Wright v. Brush,* 115 F.2d 265.) Damage is not the cause of action. It is merely a part of the remedy which the law allows for the injury resulting from a breach or wrong. The 'right of action' is merely the right to pursue a remedy, and the 'cause of action' is the concurrence of the facts giving rise to an enforceable claim."

All of the items claimed—physical injuries, mental and emotional distress, loss of time, and economic loss—may be elements of recoverable damages; but the cause of action is based not upon the existence of damages alone, but must be based upon the existence of actionable negligence, the breach by the defendants of some duty owed to the plaintiff, resulting in plaintiff's injury.

In her reply brief, plaintiff appears to contend that her action is based upon willful and wanton conduct, and upon intentional acts or omissions, as well as negligence. Both the initial and the amended petitions, however, state only claims based upon negligence. We find no assertion of recklessness, of wanton conduct, or of willful or intentional acts by the defendants directed toward the plaintiff in any of the prior pleadings or proceedings below, and no indication of any factual basis for any such claims. We will limit our discussion, therefore, to whether or not plaintiff has a claim for negligence against the defendants.

The elements of actionable negligence are set forth in *George v. Breising,* 206 Kan. 221, Syl. ¶ 1, 477 P.2d 983 (1970):

"The elements necessary for actionable negligence are: (*a*) A duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (*b*) the defendant's failure to perform that duty; and (*c*) an injury to plaintiff which proximately results from such failure."

In a later discussion of actionable negligence, Justice (now Chief Justice) Schroeder, speaking for a unanimous court in *Cooper v. Eberly,* 211 Kan. 657, 664, 508 P.2d 943 (1973), said:

"Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right. In every instance before an act is said to be negligent, there must exist a duty to the individual complaining, and the observance of which would have averted or avoided the injury. The plaintiff who sues his fellow-man sues for a breach of duty owing to himself. The victim does not sue derivatively, or by right of subrogation, to vindicate an interest invaded in the person of another."

The primary question is whether the defendants had a duty to protect the plaintiff from the injuries of which she now complains. It is clear, and we need cite no authority to support the rule, that the driver of a motor vehicle upon a public street or highway has a duty to keep his vehicle under proper control, keep a proper lookout, and drive within the range of his vision so that his vehicle may be stopped, slowed, or turned aside in order to avoid colliding with any person or other vehicle using the highway. Likewise, cities, counties, townships, and the State of Kansas have the obligation to keep the public streets and highways reasonably safe for travel and free from defects. All of these duties, however, extend from the individual operator of a motor vehicle and from the municipal corporations and the State to persons who are traveling upon or using the public thoroughfares.

The plaintiff is seeking recovery of damages which she sustained as a result of the injuries to her adult daughter; the daughter's injuries were allegedly caused by the negligence of the defendants. Plaintiff was not at the scene of the accident; she was not using the public highways at the time of the collision; she did not view the accident scene; she was in no way injured or threatened directly by the acts or omissions of the defendants. The individual defendants, as drivers of motor vehicles upon the highway, and the governmental and corporate defendants, as proprietors or maintainers of K-10 Highway and Quivira Road, owed no duty and breached no duty to the plaintiff.

It is natural and commendable that plaintiff has taken her daughter into her home, and that she has given unstintingly of her love and care, as well as her time and her monetary resources, to her daughter. It is also natural that plaintiff has sustained measurable losses of time and income, and understandable that her physical and mental health have been impaired.

We have found no Kansas case, and no rule of law, which would impose liability upon these defendants to this plaintiff under the circumstances of this case. The many mental distress cases cited by industrious counsel are not persuasive or helpful. The plaintiff in those cases was either the target of outrageous and intentional acts or of assault, or was personally present when a loved one was assaulted or sustained physical injury as a direct result of the defendant's acts or omissions. See *Wiehe v. Kukal,* 225 Kan. 478, 592 P.2d 860 (1979); *Dawson v. Associates Financial Services Co.,* 215 Kan. 814, 529 P.2d 104 (1974); *Connell v. Norton Coca-Cola Bottling Co.,* 187 Kan. 393, 357 P.2d 804 (1960); *Lonergan v. Small,* 81 Kan. 48, 105 Pac. 27 (1909).

The cases from other jurisdictions relating to the negligent infliction of mental distress are also not helpful or persuasive here. The "impact rule" discussed by the trial court requires actual physical impact upon the plaintiff, which is absent here. The "zone of danger" rule allows recovery when plaintiff is present at the time of injury of another and is himself or herself then in a place of danger and is threatened with physical injury. See *H. E. Butt Grocery Company v. Perez,* 408 S.W.2d 576 (Tex. Civ. App. 1966), and *Cosgrove v. Beymer,* 244 F.Supp. 824 (D. Del. 1965). Obviously, such a test would not permit this plaintiff to recover.

Finally, the much discussed rule of *Dillon v. Legg*, 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P.2d 912 (1968), is that recovery for mental distress caused by injury to another is allowed when a plaintiff is not injured or even threatened with bodily injury *if* plaintiff is present or near the scene of the accident, contemporaneously views the event, suffers direct emotional shock from the observance, and is closely related to the victim. Even this more liberal rule would not recognize a cause of action by plaintiff under the facts before us.

The only jurisdiction which would appear to recognize the plaintiff's asserted cause of action is the State of Massachusetts. In *Ferriter v. Daniel O'Connell's Sons, Inc*, 381 Mass. 507, 413 N.E.2d 690 (1980), the court recognized claims of the wife and children for loss of companionship, society, and consortium, and for mental anguish and impaired health sustained by them, as a result of disabling injuries negligently caused to their husband and father by the defendant. In Kansas, a wife has no separate right of action for damages for loss of consortium resulting from injury to her surviving husband caused by the negligent acts or omissions of others. See K.S.A. 23-205. Also, children have no cause of action for damages for loss of parental care and society resulting from injury caused to their father by the negligence of others. *Hoffman v Dautel*, 189 Kan. 165, 368 P.2d 57 (1962). The Massachusetts court recognized claims of the wife and children for their own mental anguish, though they were not present at the scene of the injury. No other jurisdiction has recognized such a cause of action, and we decline to do so.

Speaking of mental disturbances cases, Prosser, in his Handbook of The Law of Torts (4th ed. 1971), p. 334, says:

"It would be an entirely unreasonable burden on all human activity if the defendant who has endangered one man were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident, and every distant relative of the person injured, as well as his friends."

We agree. Despite our willingness to allow recovery in this situation, we are prevented from doing so by the same rationale followed in *Hoffman v. Dautel,* 189 Kan. at 168-69, where we said:

"It is common knowledge that a parent who suffers serious physical or mental injury is unable to give his minor children the parental care, training, love and companionship in the same degree as he might have but for the injury. Hence, it is difficult for the court, on the basis of natural justice, to reach the conclusion that this type of action will not lie. Human tendencies and sympathies suggest otherwise. Normal home life for a child consists of complex incidences in which the sums constitute a nurturing environment. When the vitally important parent-child relationship is impaired and the child loses the love, guidance and close companionship of a parent, the child is deprived of something that is indeed valuable and precious. No one could seriously contend otherwise.

"While courts should be ever alert to widen the circle of justice, at the same time they should proceed with caution in laying down a new rule in the light of conditions affected or to be affected by it. If this court were to conclude that a cause of action is here alleged, the far-reaching results of such a decision would be readily apparent. A new field of litigation would thus arise between minor children and third party tort-feasors who injure either parent when it is alleged that the negligent injury contributed to the impairment or destruction of the happy family unit with resulting loss and damage to the minor children. The possibility of multiplicity of actions based upon a single tort and one physical injury, when there is added the double-recovery aspect of such a situation in the absence of some statutory control, is deemed sufficient to prevent this court from answering in the affirmative that a cause of action has been alleged."

We hold that a parent has no cause of action for his or her emotional, physical, or other injuries against one who negligently causes injury to an adult child, when the parent is not present at the scene, is not directly injured, and neither witnesses nor perceives the occurrence causing injury to the child.

Plaintiff claims that Section 18 of the Bill of Rights of the Kansas Constitution supports the recognition of a legal remedy for her losses. The section reads:

"All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

This section, however, does not create rights of action; it means only that "for such wrongs that are recognized by the law of the land," the courts of this state shall be open and afford a remedy. See *Noel v. Menninger Foundation,* 175 Kan. 751, 763, 267 P.2d 934 (1954). The claim here asserted by the plaintiff is not one that is recognized by the laws of this state. The quoted section from the Bill of Rights does not create a right of action where none exists.

Other issues raised in the briefs need not be decided in view of our decision set forth above.

The judgment is affirmed.