**Michael B. ANNIS; Christine M. Annis and Michael B. Annis, as father, natural guardian and next friend of Christina M. Annis, Refina G. Annis & Michael B. Annis, II, minor children, Plaintiffs,**

v.

**BUTLER MANUFACTURING COMPANY, a Missouri Corporation, Defendant.**

**Civ. A. No. 88–4245–S.**

United States District Court, D. Kansas.

June 28, 1989.

Danton C. Hejtmanek, Bryan, Lykins, Hejtmanek & Wulz, P.A., Topeka, Kan., for plaintiffs.

Roger W. Slead, Larry L. McMullen and Nancy E. Kenner, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., and Wayne Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss certain claims asserted against it in this lawsuit. On October 12, 1988, plaintiffs filed this case against defendant, alleging that defendant had caused personal injury to Michael B. Annis. In addition to Michael B. Annis; Christine M. Annis, the wife of Michael B. Annis, and Michael B. Annis, as father, natural guardian and next friend of Christina Annis, Refina Annis, and Michael Annis, II, his children, were named as plaintiffs. The wife maintains a separate claim for loss of consortium for her injured spouse. The claim brought on behalf of the children seeks damages for the loss of services, companionship and society of their father, incident to the parent/child relationship. Defendant seeks to dismiss the claims of the wife and the children on the grounds that Kansas law does not recognize separate claims for such losses of consortium and society.

In response to defendant's motion, plaintiffs invite this court to change existing Kansas law regarding a spouse's or child's ability to maintain a separate claim. Plaintiffs maintain there is a growing trend among courts to recognize such separate causes of action. *See* Note, *Child's Right to Sue for Negligent Disruption of Parental Consortium,* 22 Washburn L.J. 78 (Fall 1982); *Hibpshman v. Prudhoe Bay Supply, Inc.,* 734 P.2d 991, 997 (Alaska 1987); *Audubon–Exira Ready Mix, Inc. v. Illinois Central Gulf R.R.,* 335 N.W.2d 148, 151 (Iowa 1983); *Hay v. Medical Center Hosp.,* 145 Vt. 533, 544–46, 496 A.2d 939, 946 (1985). Kansas law rejecting such causes of action was articulated in *Hoffman v. Dautel,* 189 Kan. 165, 169, 368 P.2d 57, 60 (1962).

If *Hoffman* had been the last pronouncement by the Kansas courts on these issues, this court may have been more receptive to plaintiff's invitation to review the current state of the Kansas law. *See Leach v. Newport Yellow Cab Co.,* 628 F.Supp. 293, 303 (S.D.Ohio 1985), *aff'd without opinion,* 815 F.2d 704 (6th Cir. 1987) (The federal court found that the Ohio State Supreme Court decisions from the 1950's should be given little weight since the court had not spoken on the matter since that time. In light of the trend in other state courts, the federal district court recognized the right of a child to recover for loss of parental consortium caused by the negligence of a third person). However, the Kansas Supreme Court has recently asserted its support for defendant's position. *Schmeck v. City of Shawnee,* 231 Kan. 588, 593, 647 P.2d 1263, 1266–67 (1982). In *Schmeck,* the Kansas Supreme Court addressed the issue of whether a parent may maintain a separate cause of action for loss of services and consortium

for the injuries to an emancipated child. The court, in dictum, stated:

> a wife has no separate right of action for damages for loss of consortium resulting from injury to her surviving husband caused by the negligent acts or omissions of others. *See* K.S.A. 23–205. Also, children have no cause of action for damages for loss of parental care and society resulting from injury caused to their father by the negligence of others. *Id.* (citing *Hoffman*).

Therefore, under current Kansas law, there is neither a recognized separate cause of action on behalf of a child for loss of society due to a parent's injury by a third party, nor is there a recognized separate cause of action for a spouse for loss of consortium due to injuries to an injured spouse. Thus, defendant's motion is meritorious and will be granted.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss the claims of Christine M. Annis and Michael B. Annis, as father, natural guardian and next friend of Christina M. Annis, Refina G. Annis and Michael B. Annis, II, minor children, is granted.