190 N.J. Super. 103 (1983)
462 A.2d 178
BERNADETTE BREHM, EXECUTRIX AND BERNADETTE BREHM, INDIVIDUALLY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
PINE ACRES NURSING HOME, INC., ARNOLD PERLSTEIN, INDIVIDUALLY & AS OWNER OPERATOR OF PINE ACRES AND SHEAN M. LIU, M.D., DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 11, 1983.
Decided June 6, 1983.
*105 Before Judges MILMED, MORTON I. GREENBERG and FURMAN.
David M. Quirk argued the cause for defendants-appellants and cross-respondents Pine Acres Nursing Home, Inc. and Arnold Perlstein (James D. Butler, attorney; William J. Scheurer, on the brief).
Maureen M. Sharp argued the cause for defendant-appellant and cross-respondents Shean M. Liu, M.D. (McDonough, Murray & Korn, attorneys; Robert P. McDonough, of counsel and on the brief).
Patricia Breuninger argued the cause for plaintiff-respondent and cross-appellant (Breuninger, Karwell & Rubino, attorneys; William E. Staehle and Katherine J. Sweeney, on the brief).
PER CURIAM.
Defendants Pine Acres Nursing Home, Inc. ("Pine Acres"), Arnold Perlstein, individually and as owner-operator of Pine Acres, and Shean M. Liu, M.D. appeal from the entire final judgment entered following a jury trial in the Superior Court, Law Division, Union County. Plaintiff cross-appeals from the order entered on defendants' post-trial motions for involuntary *106 dismissal, judgments notwithstanding the verdict, new trials and remittiturs and plaintiff's post-trial motion for counsel fees and costs. On these post-trial motions the court by order of May 28, 1981 ruled that defendants' motions for new trials would be granted unless plaintiff accepted a remittitur to $50,000, interest and costs, from the verdict of $100,000 for compensatory damages awarded the estate of Harold Brehm, denied plaintiff counsel fees and costs and struck her cause of action under the Nursing Home Bill of Rights, N.J.S.A. 30:13-1 et seq.[1] A prevailing litigant under that statute is entitled to recover reasonable attorney's fees and costs. N.J.S.A. 30:13-8. In this action the jury found defendants Pine Acres and Liu liable for the $100,000 in damages to the estate of Harold Brehm and equally apportioned the damages between these two defendants. The jury further found all three defendants liable to plaintiff Bernadette Brehm individually for causing her to suffer emotional distress. Her damages were fixed by the jury at $65,000, apportioned 40% each to Pine Acres and Liu and 20% to Perlstein. Plaintiff accepted the remittitur and thus on June 15, 1981 the trial judge entered an amended order of judgment for $50,000 to plaintiff as executrix of the estate of Harold Brehm and $65,000 to her individually. The judgment further provided for apportionment of liability among defendants in accordance *107 with the verdict and for interest and costs.[2] Defendants then filed separate appeals which we consolidated by our order of October 19, 1982.
After a careful review of this matter we have concluded that there were three errors in the proceedings in the trial court requiring reversal by this court. The trial court erroneously granted defendants' post-trial motions to strike plaintiff's action under the Nursing Home Bill of Rights and erroneously ordered a new trial on the damages to the estate of Harold Brehm unless plaintiff accepted a remittitur to $50,000. We further hold that the trial court should have granted defendants' post-trial motions to the extent of entering judgment in their favor dismissing the claim of Bernadette Brehm for emotional distress. We deal with these issues seriatim.
The trial judge in striking plaintiff's action under the Nursing Home Bill of Rights pointed out that Harold Brehm had been transferred to Greystone on the basis of a certification by Liu pursuant to N.J.S.A. 30:4-46.1. He indicated that N.J.S.A. 30:4-46.1 had not been expressly or impliedly repealed by the later-enacted Nursing Home Bill of Rights. He thus considered that since the transfer was not pursuant to the Nursing Home Bill of Rights, the procedural protections of a nursing home resident under N.J.S.A. 30:13-6 before transfer did not become implicated in this case.
N.J.S.A. 30:4-46.1 provides that a person suffering from a mental or nervous illness or from a psychosis caused by drugs or alcohol which renders him or her incapable of executing a voluntary application for admission to an institution maintained by the State or a county or a municipality treating such illness may, upon certificate of a duly licensed physician of this State in a form approved by the Department of Institutions and Agencies[3] *108 and in the discretion of the chief executive or other officer in charge of the institution, be admitted to it for observation for a period not exceeding seven days exclusive of Saturdays, Sundays and holidays. If the person is to be longer detained, formal commitment proceedings are required. N.J.S.A. 30:4-46.1 is derived from L. 1953, c. 418 and became effective September 18, 1953.
Under the Nursing Home Bill of Rights, effective November 30, 1976, it is provided that "[w]hen a transfer or discharge on a nonemergency basis of a resident is requested by a nursing home, the resident or, in the case of an adjudicated mental incompetent resident, the guardian, shall be given at least 30 days advance notice of such transfer or discharge." N.J.S.A. 30:13-6. Here the jury determined that the transfer was on a nonemergent basis. Thus, unless N.J.S.A. 30:13-6 was not applicable to the transfer of Harold Brehm, at least 30 days advance notice of his transfer was required. If N.J.S.A. 30:4-46.1 was properly utilized in this situation of a nonemergent transfer, the intention of the Legislature in enacting N.J.S.A. 30:13-6 was completely frustrated. This court is aware that in some cases residents of nursing homes may be said to be within the class of persons subject to institutional admission for purposes of observation under N.J.S.A. 30:4-46.1. In order to carry out the Legislature's intention in enacting N.J.S.A. 30:13-6 we hold that in nonemergent cases N.J.S.A. 30:4-46.1 may not be used to circumvent the protections of N.J.S.A. 30:13-6.[4]
We recognize, of course, that Liu is a physician and that the Nursing Home Bill of Rights deals with the responsibilities of nursing homes. N.J.S.A. 30:13-3. Nevertheless, N.J.S.A. 30:13-8 provides that any resident whose rights are violated under the Nursing Home Bill of Rights shall have a cause of *109 action against "any person committing such violation." Here Liu by improperly executing the certificate under N.J.S.A. 30:4-46.1 participated in the violation of Harold Brehm's rights under N.J.S.A. 30:13-6.
In view of our disposition of the issue with respect to the application of N.J.S.A. 30:13-6 we hold that the trial judge erred in providing that defendants would be granted a new trial on the damage claim of the estate of Harold Brehm unless plaintiff accepted a remittitur on the claim to $50,000. The trial judge in awarding the remittitur did not specify exactly why he made such a determination. He simply said that, "[u]nder all the circumstances of the case," the $100,000 verdict was excessive. The only circumstance that changed after the trial was the striking of the claim under the Nursing Home Bill of Rights. The judge did not suggest that, on the basis of all the evidence and assuming the continuing validity of the action under the Nursing Home Bill of Rights, the verdict was excessive. Thus, we conclude that our reinstatement of the verdict for violation of N.J.S.A. 30:13-6 undercuts the basis for the trial judge's action in granting the remittitur. In any event, overall on the record we are satisfied that the verdict in favor of the estate of Harold Brehm was not so disproportionate to the wrong done him so that it may reasonably have been said to have the capacity to shock the conscience of the trial judge. See Baxter v. Fairmont Food Co., 74 N.J. 588, 596 (1977). Thus, rather than remand the matter to the trial court for reconsideration of defendants' motions for new trials on damages, we reinstate the $100,000 verdict in favor of the estate of Harold Brehm.
The final error we find was the trial judge's denial of defendants' motion for judgment notwithstanding the verdict on the claim of Bernadette Brehm individually. We do not doubt that, as the jury found, Bernadette Brehm suffered emotional distress by reason of defendants' misconduct. But the misconduct related to Harold Brehm's transfer from Pine Acres and the further circumstance that he was never readmitted to that *110 facility. Bernadette Brehm's emotional distress was incidental to the wrong done her husband. Though we are aware that a party may sometimes recover for emotional distress incidental to the physical injury to another person or for emotional distress intentionally caused the plaintiff himself, we see nothing in the Nursing Home Bill of Rights or in the common law which indicates that there should be a cause of action in favor of Bernadette Brehm for defendants' conduct. See Portee v. Jaffee, 84 N.J. 88, 101 (1980); Hume v. Bayer, 178 N.J. Super. 310, 314 (Law Div. 1981). Here defendants violated a duty owed Harold Brehm. While this no doubt caused Bernadette Brehm emotional distress, there must be some reasonable limitation on who may be awarded damages for improper conduct. In many situations wrongful conduct by a person may cause emotional distress to third parties. For example, wrongful discharge of an employee may cause severe emotional distress to the employee's spouse. Similarly, medical malpractice resulting in injury to a patient could result in emotional distress to the patient's spouse. In our view extension of the right to recover to Bernadette Brehm in this case would be unreasonable. See Russell v. Salem Transp. Co., 61 N.J. 502 (1972). Finally, we point out that Bernadette Brehm did not have standing individually to recover damages from Pine Acres for a violation of the Nursing Home Bill of Rights. See Profeta v. Dover Christian Nursing Home, 189 N.J. Super. 83 (App.Div. 1983).
We have carefully considered all the other contentions of the parties to this appeal and have concluded that, except as above provided, the evidence in support of the jury verdict was not insufficient, the determination of the trial court on the motions for a new trial did not constitute a manifest denial of justice, the issues of law raised are clearly without merit and an opinion would have no precedential value. R. 2:11-3(e)(1)(B), (C) and (E).
In summary, we make the following disposition of these appeals: the order of May 28, 1981 striking plaintiff's action under N.J.S.A. 30:13-1 et seq. and granting defendants a new *111 trial on the claim of Harold Brehm unless plaintiff accepted the remittitur to $50,000 is reversed. The verdict in favor of the estate of Harold Brehm for $100,000 is reinstated. Insofar as the order denied defendants' motion for judgment notwithstanding the verdict in favor of Bernadette Brehm, it is reversed and her complaint individually for damages is dismissed. The amended judgment of June 15, 1981 shall be deemed further amended in accordance with this opinion. The matter is remanded to the Superior Court, Law Division, Union County, so that plaintiff may make application in that court for reasonable attorney's fees and costs insofar as she has prevailed and insofar as the judgment is based upon a violation of N.J.S.A. 30:13-1 et seq. We do not retain jurisdiction.
NOTES
[1] The title "Nursing Home Bill of Rights" is used with reference to L. 1976, c. 120, N.J.S.A. 30:13-1 et seq. In fact the statute does not adopt such title. Rather the formal title of the statute is "An Act concerning the responsibilities of nursing homes and the rights of nursing home residents." Plaintiff's notice of appeal does not make specific reference to the portion of the May 28, 1981 order striking her cause of action under the Nursing Home Bill of Rights. But the parties have treated her appeal as embracing this issue. In any event she has appealed from the denial of counsel fees and costs pursuant to N.J.S.A. 30:13-8. The judge denied this application on the ground that the Nursing Home Bill of Rights is inapplicable in this case. Inasmuch as plaintiff has appealed this denial, the issue of the applicability of the statute has been properly raised on this appeal. The notice of appeal on behalf of Pine Acres and Perlstein only mentions Pine Acres in its body. But clearly it was intended to include Perlstein.
[2] The costs were undoubtedly intended to be those awarded a prevailing litigant in a civil action rather than any allowable under N.J.S.A. 30:13-8.
[3] Now the Department of Human Services. N.J.S.A. 30:1A-1.
[4] We are not here concerned with the interplay between N.J.S.A. 30:4-46.1 and N.J.S.A. 30:13-6 in cases deemed emergent under the latter section.